IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VIVIAN REDDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:14-CV-407(MTT) |
| | ) |
| ERIC FANNING, *Acting Secretary, U.S.* | ) |
| *Department of the Air Force,* | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Plaintiff Vivian Redding has moved for injunctive relief. (Doc. 12). For the following reasons, the motion is **DENIED**.

### I.  FACTUAL BACKGROUND

The Plaintiff sued the Defendant on November 21, 2104 pursuant to Title VII alleging unlawful employment discrimination. (Docs. 1, 9). Specifically, he alleges racial discrimination because his supervisor favored younger white employees over him. (Doc. 9 at 1-2). In his Motion for Temporary Relief, he seeks compensatory damages of $3,500[1] as a "Memorandum Request" and injunctive relief of 15 days of comp time "to re-energize [his] weary body." (Doc. 12 at 2).

### II.  DISCUSSION

A prohibitory preliminary injunction is an order "issued to preserve the status quo and prevent allegedly irreparable injury until the court ha[s] the opportunity to decide

---

[1] In his amended complaint, the Plaintiff seeks $50,000. (Doc. 9 at 2).

upon issuing a permanent injunction." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1101 n.13 (11th Cir. 2004).  An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir.2000) (citations omitted).  "Preserving the court's ability to render a meaningful decision after a trial on the merits is the primary justification for granting a preliminary injunction." *Campos v. I.N.S.*, 70 F. Supp. 2d 1296, 1307 (S.D. Fla. 1998).  "A district court may grant a preliminary injunction only when the moving party demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest." *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011).  "Moreover, when the moving party is seeking to have the opposing party perform an affirmative act, the burden is even higher:  'A mandatory injunction ... especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.'" *Caron Found. of Fla., Inc. v. City of Delray Beach*, 879 F. Supp. 2d 1353, 1360 (S.D. Fla. 2012) (quoting *Miami Beach Fed. Sav. & Loan Ass'n v. Callender*, 256 F.2d 410, 415 (5th Cir. 1958)).[2]

     A preliminary injunction is inappropriate here because, even with the benefit of liberal construction, the Plaintiff has thus far not shown he will suffer an irreparable injury unless the court issues an injunction.  "To demonstrate irreparable harm, a movant must show that the injury cannot be undone through monetary remedies."

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

*Telestrata, LLC v. NetTALK.com, Inc.*, ___ F. Supp. 3d ___, 2015 WL 4943591, at *7 (S.D. Fla.) (punctuation omitted).  The Plaintiff is requesting monetary awards of $3,500 and $50,000, indicating that his injury can be undone by a monetary remedy.  Because the Plaintiff has failed to meet this prong of the test, the Court will not address its other three prongs.

If the Plaintiff is requesting to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), a motion for injunctive relief is not the proper means to do so.  It appears that the Court has forwarded him the application to evaluate whether he qualifies to so proceed.  (Doc. 3).

### III. CONCLUSION

Based on the foregoing, the plaintiff's motion for injunctive relief is **DENIED**.

**SO ORDERED,** this 14th day of October, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT